**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**
**Case No.: 5:23-cv-242-FL**

| | |
|---|---|
| **CMB CONSTRUCTION COMPANY, LLC,** on behalf of itself and others similarly situated**,** | |
| **Plaintiff,** | |
| **v.** | |
| **DRB GROUP NORTH CAROLINA, LLC, DRB ENTERPRISES, LLC d/b/a DAN RYAN BUILDERS,** | |
| **Defendants.** | |

**DEFENDANTS' ANSWER TO**
**PLAINTIFFS' PUTATIVE CLASS ACTION & INDIVIDUAL COMPLAINT**
**AND DEFENDANT DRB GROUP'S COUNTERCLAIM**

Defendants DRB Group North Carolina, LLC ("DRB Group") and DRB Enterprises, LLC d/b/a Dan Ryan Builders North Carolina, LLC ("DRB Enterprises," and collectively with DRB Group, "DRB") respond to Plaintiff CMB Construction Company, LLC's ("CMB's") Putative Class Action & Individual Complaint (the "Complaint") as follows:

**FIRST DEFENSE:**
**RESERVATION OF RIGHT TO COMPEL ARBITRATION AGAINST SOME**
**PUTATIVE CLASS MEMBERS**

Defendants reasonably expect that the putative class may include persons with whom either or both Defendants have entered into binding agreements to arbitrate disputes—including, perhaps, the disputes that form the basis of CMB's Complaint. Defendants expressly reserve and do not waive the right to compel arbitration of any

such matters until such time as they can identify any such arbitrable matters and make an appropriate motion with the Court.

<u>SECOND DEFENSE:</u>
<u>RESPONSES TO ENUMERATED PARAGRAPHS OF THE COMPLAINT</u>

Addressing the enumerated paragraphs of CMB's Complaint, the Defendants state as follows:

**RESPONSE TO "NATURE OF ACTION"**

1. Defendants admit that this action purports to seek certain relief against DRB on behalf of CMB and purportedly on behalf of others who worked for DRB and are alleged to be similarly situated. Defendants expressly deny that CMB or any other person who worked for DRB Group is entitled to any relief or remedy sought in this action. Except as expressly admitted, the allegations in paragraph 1 of the Complaint are denied.

2. Defendants admit that CMB is a business that provided certain construction services to DRB Group in accordance with written agreements between CMB and DRB Group. Defendants further admit that the agreements are the best evidence of their contents and effects. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations that CMB is "small" or "family-owned" or that CMB has provided each and every one of the services outlined in this paragraph. On that basis, Defendants deny those allegations. Except as expressly admitted, the allegations in paragraph 2 of the Complaint are denied.

3. Defendants deny the allegations in paragraph 3. By way of further response, Defendants specifically deny that CMB had to permanently close as a

2

result of any action or inaction taken by Defendants. More particularly, Defendants note that CMB has made the exact same allegation—that it was forced to permanently close as the result of actions or inactions of a business partner—against three other, unrelated homebuilders in three separate lawsuits filed on the same day as this lawsuit in Franklin County Superior Court: *CMB Construction Company, LLC, et al. v. LGI Homes Corporate, LLC, et al.*, 23 CVS 318 (Franklin Cnty. Super. Ct. Apr. 3, 2023) (the "LGI Lawsuit"); *CMB Construction Company, LLC, et al. v. D.R. Horton, Inc., et al.*, 23 CVS 319 (Franklin Cnty. Super. Ct. Apr. 3, 2023) (the "DR Horton Lawsuit"); and *CMB Construction Company, LLC, et al. v. Meritage Homes Corporation, et al.*, 23 CVS 320 (Franklin Cnty. Super. Ct. Apr. 3, 2023) (the "Meritage Homes Lawsuit"). This identical allegation, made in this lawsuit and each of the other three lawsuits, cannot be true in each instance. Except as expressly admitted, Defendants deny the allegations in paragraph 3 of the Complaint.

4. Defendants deny the allegations in paragraph 4 of the Complaint.

5. Defendants deny the allegations in paragraph 5 of the Complaint.

**RESPONSE TO "PARTIES"**

6. Defendants deny the allegations in paragraph 6 of the Complaint that CMB ceased operations "due to nonpayment of owed monies by, *inter alia*, the DRB Defendants." By way of further response, Defendants note that CMB has made the exact same allegation—that it was forced to cease operations as the result of actions or inactions of a business partner—against three other, unrelated homebuilders in three separate lawsuits filed on the same day as this lawsuit in Franklin County

3

Superior Court: the LGI Lawsuit, the DR Horton Lawsuit; and the Meritage Homes Lawsuit. This identical allegation, made in this lawsuit and each of the other three lawsuits, cannot be true in each instance. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph. On that basis, Defendants deny those allegations.

7. Defendants admit the allegations in paragraph 7 of the Complaint.

8. Defendants deny that the purposes for which DRB Group was formed listed in paragraph 8 of the Complaint are exclusive. Defendants admit that DRB Group filed Articles of Organization with the North Carolina Secretary of State on or about December 11, 2009, that those articles are writings and the best evidence of their contents and effects. Except as expressly admitted, the allegations in paragraph 8 of the Complaint are denied.

9. Defendants admit that DRB Enterprises is a limited liability company organized under the laws of the State of Delaware, with its primary place of business in Maryland. Defendants further admit that DRB Enterprises is the sole member of DRB Group. Except as expressly admitted, the allegations in paragraph 9 of the Complaint are denied.

## RESPONSE TO "JURISDICTION, VENUE AND CONDITIONS PRECEDENT"

10. Defendants admit the allegations in paragraph 10 of the Complaint.

11. Defendants admit the allegations in paragraph 11 of the Complaint.

12. Defendants deny the allegations in paragraph 12 of the Complaint.

13. Defendants deny the allegations in paragraph 13 of the Complaint.

4

## RESPONSE TO "COMMON FACTUAL ALLEGATIONS"

14.     It is admitted that DRB Group North Carolina, LLC is a builder of new residential properties throughout the State of North Carolina. Except as expressly admitted, the allegations in paragraph 14 are denied.

15.     It is admitted that DRB Group often serves as a general contractor or prime contractor, and that DRB Group is generally responsible for supervision and payment for work done on projects for which it is a general or prime contractor, including paying subcontractors that it hires to perform work on the projects. Except as expressly admitted, the allegations in paragraph 15 are denied.

16.     It is admitted that, generally, as a general contractor, DRB Group is paid directly by the owner of the project site. Except as expressly admitted, the allegations in paragraph 16 are denied.

17.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 17, and the same, therefore, are denied.

18.     It is admitted that Plaintiff from time to time performed work on homes within the State of North Carolina, on projects for which DRB Group was the general or prime contractor. Except as expressly admitted, Defendants deny the allegations in paragraph 18.

19.     It is admitted that Plaintiff and other subcontractors from time to time performed work for DRB Group pursuant to separate Scopes of Work set forth for each project. It is further admitted that these Scopes of Work are the best evidence

5

of their contents and effects. Except as expressly admitted, the allegations in paragraph 19 are denied.

20.     It is admitted generally that the terms of a contract or Scope of Work between DRB Group and CMB would provide that certain services be performed by CMB at a certain job site. It is further admitted that any such contract or Scope of Work would be the best evidence of its contents and effects. Except as expressly admitted, the allegations in paragraph 20 are denied.

21.     It is admitted that any Scope of Work entered between DRB Group and any of its subcontractors, including CMB, is the best evidence of its contents and effects. Except as expressly admitted, the allegations in paragraph 21 are denied.

22.     It is admitted that any Scope of Work entered between DRB Group and any of its subcontractors, including CMB, is the best evidence of its contents and effects. Except as expressly admitted, the allegations in paragraph 22 are denied.

23.     It is admitted that any contract or Scope of Work entered between DRB Group and any of its subcontractors, including CMB, is the best evidence of its contents and effects. It is further admitted that additional work not part of the original pre-determined work was from time to time referred to as extra purchase orders ("EPOs") or variance purchase orders ("VPOs"). Except as expressly admitted, the allegations in paragraph 23 are denied.

24.     Defendants deny the allegations in paragraph 24 of the Complaint.

25.     Defendants deny the allegations in paragraph 25 of the Complaint.

26.     It is admitted that DRB Group ordinarily paid for variance work in accordance with the pertinent contract(s) governing the compensability of such work. Defendants further admit that any such contract entered between DRB Group and any of its subcontractors, including CMB, is the best evidence of its contents and effects.  Except as expressly admitted, the allegations in paragraph 26 are denied.

27.     Defendants deny the allegations in paragraph 27 of the Complaint.

28.     It is admitted that DRB Group ordinarily paid for variance work in accordance with the pertinent contract(s) governing the compensability of such work. Defendants further admit that any such contract entered between DRB Group and any of its subcontractors, including CMB, is the best evidence of its contents and effects.  Except as expressly admitted, the allegations in paragraph 28 are denied.

29.     It is admitted that only DRB Group personnel could enter a VPO into DRB Group's system.  Except as expressly admitted, the allegations in paragraph 29 are denied.

30.     It is admitted that DRB Group paid for work in accordance with the terms of its contracts.  It is further admitted that such contracts are the best evidence of their contents and effects.   Except as expressly admitted, the allegations in paragraph 30 are denied.

31.     Defendants deny the allegations in paragraph 31 of the Complaint.

32.     Defendants deny the allegations in paragraph 32 of the Complaint.

33.     Defendants deny the allegations in paragraph 33 of the Complaint.  By way of further response, Defendants state that, in some cases, including with CMB,

Defendant DRB Group is actually owed money from its subcontractor for overpayment.

34. Defendants deny the allegations in paragraph 34 of the Complaint.

35. Defendants deny the allegations in paragraph 35 of the Complaint.

36. Defendants deny the allegations in paragraph 36 of the Complaint.

37. Defendants deny the allegations in paragraph 37 of the Complaint. By way of further response, Defendants note that CMB has made the exact same allegation—that it was forced to permanently close as the result of actions or inactions of a business partner—against three other, unrelated homebuilders in three separate lawsuit filed on the same day as this lawsuit in Franklin County Superior Court: the LGI Lawsuit, the DR Horton Lawsuit; and the Meritage Homes Lawsuit. This identical allegation, made in this lawsuit and each of the other three lawsuits, cannot be true in each instance.

38. Defendants deny the allegations in paragraph 38 of the Complaint.

39. Defendants deny the allegations in paragraph 39 of the Complaint.

## RESPONSE TO "CLASS ALLEGATIONS"
## RESPONSE TO "Definition of the Class"

40. Defendants admit that this action purports to seek certain relief against DRB on behalf of CMB and purportedly on behalf of others who worked for DRB and are alleged to be similarly situated. Defendants deny that CMB or any other person who worked for DRB Group is entitled to any relief or remedy sought in this action. Except as expressly admitted, the allegations in paragraph 40 of the Complaint are denied.

41. Defendants admit CMB has purported to define a class as stated in paragraph 41 of the Complaint. Defendants deny that this action is appropriately brought as a class action or that CMB or any other person who worked for DRB Group is entitled to any relief or remedy sought in this action. Except as expressly admitted, the allegations in paragraph 41 of the Complaint are denied.

42. Defendants admit that CMB has purported to exclude from its putative class certain persons described in paragraph 42 of the Complaint. Defendants deny that this action is appropriately brought as a class action or that CMB or any other person who worked for DRB Group is entitled to any relief or remedy sought in this action. Except as expressly admitted, the allegations in paragraph 42 of the Complaint are denied.

### RESPONSE TO "The Class Representative"

43. Defendants admit that this action purports to seek certain relief against DRB on behalf of CMB and purportedly on behalf of others who worked for DRB and are alleged to be similarly situated. Except as expressly admitted, the allegations in paragraph 43 are denied.

44. Defendants deny the allegations in paragraph 44 of the Complaint.

### RESPONSE TO "Class Action is the Most Efficient Method to Litigate these Claims"

45. Defendants deny the allegations in paragraph 45 of the Complaint.

46. Defendants admit that DRB Group has built hundreds of homes per year in North Carolina over the past five years. Defendants further admit that on

these projects, multiple subcontractors performed work. Except as expressly admitted, Defendants deny the allegations in paragraph 46 of the Complaint.

47. Defendants deny the allegations in paragraph 47 of the Complaint.

48. Defendants deny the allegations in paragraph 48 of the Complaint.

49. Defendants deny the allegations in paragraph 49 of the Complaint.

50. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50 of the Complaint. On that basis, Defendants deny those allegations.

51. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 51 of the Complaint. On that basis, Defendants deny those allegations.

52. Defendants deny the allegations in paragraph 52 of the Complaint.

53. Defendants deny the allegations in paragraph 53 of the Complaint, including all subparts.

54. Defendants deny the allegations in paragraph 54 of the Complaint.

55. Defendants deny the allegations in paragraph 55 of the Complaint.

56. Defendants deny the allegations in paragraph 56 of the Complaint.

57. Defendants deny the allegations in paragraph 57 of the Complaint.

58. Defendants deny the allegations in paragraph 58 of the Complaint.

## RESPONSE TO "COUNT I
## BREACH OF CONTRACT"

59. Defendants incorporate their responses to the allegations in paragraphs 1 through 58 by reference herein as if set forth fully.

60. Defendants admit that DRB Group has entered into contracts with CMB and with other subcontractors. Defendants also admit that those contracts are written and are the best evidence of their contents and effects. Except as expressly admitted, Defendants deny the allegations in paragraph 60 of the Complaint.

61. Defendants deny the allegations in paragraph 61 of the Complaint as written.

62. Defendants deny the allegations in paragraph 62 of the Complaint.

63. Defendants deny the allegations in paragraph 63 of the Complaint.

64. Defendants deny the allegations in paragraph 64 of the Complaint.

## RESPONSE TO "COUNT II
## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING"

65. Defendants incorporate their responses to the allegations in paragraphs 1 through 64 by reference herein as if set forth fully.

66. Defendants deny the allegations in paragraph 66 of the Complaint.

67. Defendants deny the allegations in paragraph 67 of the Complaint.

68. Defendants deny the allegations in paragraph 68 of the Complaint.

69. Defendants deny the allegations in paragraph 69 of the Complaint.

70. Defendants deny the allegations in paragraph 70 of the Complaint.

## RESPONSE TO "COUNT III
## UNJUST ENRICHMENT"

71. Defendants incorporate their responses to the allegations in paragraphs 1 through 70 by reference herein as if set forth fully.

72.     Defendants deny the allegations in paragraph 72 of the Complaint as written.

73.     Defendants deny the allegations in paragraph 73 of the Complaint as written.

74.     Defendants deny the allegations in paragraph 74 of the Complaint.

75.     Defendants deny the allegations in paragraph 75 of the Complaint.

76.     Defendants deny the allegations in paragraph 76 of the Complaint.

77.     Defendants deny the allegations in paragraph 77 of the Complaint.

**RESPONSE TO "COUNT IV**
**OBTAINING SERVICES UNDER FALSE PRETENSES**
**PURSUANT TO N.C. GEN. STAT. § 1-538.2"**

78.     Defendants incorporate their responses to the allegations in paragraphs 1 through 77 by reference herein as if set forth fully, noting that the Court has entered an Oral Order on November 22, 2023, that dismissed this claim. [D.E. 30].

79.     Defendants deny the allegations in paragraph 79 of the Complaint, noting that the Court has entered an Oral Order on November 22, 2023, that dismissed this claim.  [D.E. 30].

80.     Defendants deny the allegations in paragraph 80 of the Complaint, noting that the Court has entered an Oral Order on November 22, 2023, that dismissed this claim.  [D.E. 30].

81. Defendants deny the allegations in paragraph 81 of the Complaint, noting that the Court has entered an Oral Order on November 22, 2023, that dismissed this claim. [D.E. 30].

82. Defendants deny the allegations in paragraph 82 of the Complaint.

## RESPONSE TO "PRAYER FOR RELIEF"

Defendants deny that CMB or any of the putative class members on whose behalf CMB claims to bring this action is entitled to any of the relief requested in the Complaint.

## RESPONSE TO "DEMAND FOR JURY TRIAL"

Excepting any matters which may be subject to binding arbitration pursuant to the First Defense listed above, Defendants respectfully request a trial by jury with respect to each claim in the Complaint for which a jury trial is allowable by law.

## RESIDUAL DENIAL

Except as expressly admitted above, Defendants deny each and every allegation in CMB's Complaint.

## THIRD DEFENSE: AFFIRMATIVE DEFENSES

Without assuming the burden of proof on any matter that otherwise rests with CMB or any other party, Defendants allege the following affirmative defenses as additional reasons why neither CMB nor any putative class member on whose behalf CMB purports to bring this action is entitled to the relief it seeks:

1. Defendants are informed and believe, and on that basis allege, that any harms or damages alleged in CMB's Complaint, which are specifically denied, were

13

caused in whole or in part by the actions of persons other than Defendants. Those actions are pleaded as a bar to recovery against Defendants or as an offset against any damages sought against Defendants.

2. Defendants are informed and believe, and on that basis allege, that any harms or damages alleged in the Complaint, which are specifically denied, were caused in whole or in part by CMB's own failure (or by the failure of putative class members on whose behalf CMB purports to bring this action) to reasonably mitigate or to attempt to mitigate its damages. That failure is pleaded as a bar to recovery against Defendants or as an offset against any damages sought against Defendants.

3. To the extent that any claims against either or both Defendants sound in negligence, Defendants are informed and believe, and on that basis allege, that those claims are barred by CMB's own contributory negligence or the contributory negligence of putative class members on whose behalf CMB purports to bring this action.

4. Some or all of the causes of action alleged in the Complaint as asserted by CMB for itself or as to any putative class member on whose behalf CMB purports to bring this action are barred by the doctrines of accord and satisfaction, payment, and/or release.

5. Some or all of the causes of action alleged in the Complaint as asserted by CMB for itself or as to any putative class member on whose behalf CMB purports to bring this action are barred by the doctrine of waiver.

14

6. Some or all of the causes of action alleged in the Complaint are barred by breaches of contract committed by CMB or by putative class members on whose behalf CMB purports to bring this action.

7. CMB itself and any putative class member on whose behalf CMB purports to bring this action would have been unjustified in relying on any alleged misrepresentations or omissions by Defendants described in the Complaint, and any such reliance would have been unreasonable.

8. Any equitable remedy sought from Defendants by CMB (for itself or on behalf of any putative class members on whose behalf CMB purports to bring this action) is barred by the doctrines of laches, estoppel, unclean hands, or waiver, or to the extent that CMB or the putative class member has an adequate remedy at law.

9. CMB (for itself or on behalf of any putative class members on whose behalf CMB purports to bring this action) should be barred from recovering any special damages, as the Complaint fails to aver items of any alleged special damage with particularity as required by Rule 9(g) of the Rules of Civil Procedure, and no items of alleged special damage are averred with specificity in the Complaint.

10. Some or all of the causes of action alleged in the Complaint, as alleged by CMB (for itself or on behalf of any putative class members on whose behalf CMB purports to bring this action) are barred by the doctrine of mistake.

11. Pursuant to Rule 10(c) of the Rules of Civil Procedure, the Defendants expressly incorporate by reference any further and additional affirmative defenses to CMB's claims that may be properly pleaded by any other party.

12. Defendants continue their investigation and have yet to take discovery from CMB or any putative class members on whose behalf CMB purports to bring this action in this matter. Defendants therefore expressly reserve the right, and place CMB on notice, that they may amend this pleading to state any further and additional defenses that come to light during discovery.

## COUNTERCLAIM BY DRB GROUP NORTH CAROLINA, LLC

1. Counterclaimant DRB Group North Carolina, LLC ("DRB Group") served as a general contractor on several projects in the State of North Carolina, for which Plaintiff/Counterclaim-Defendant CMB Construction Company, LLC ("CMB") served as a subcontractor. DRB Group paid CMB to perform work under these contracts, in pre-determined sums. In fact, it has *over*paid CMB for this work. CMB did not refund this overpayment, nor did it credit DRB Group on later invoices. DRB Group therefore brings this counterclaim to recover the principal amount of its overpayment, and alleges alternative counterclaims for breach of contract and unjust enrichment.

## PARTIES & JURISDICTION

2. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental subject matter jurisdiction over DRB Group's Counterclaim, because it arises from the same case or controversy as CMB's original Complaint.

3. This Court has subject matter jurisdiction over CMB's claims against DRB Group for the reasons identified in its Notice of Removal, [*see* D.E. 1].

4. This Court has personal jurisdiction over all parties to this action.

16

5.     Venue is proper in the Eastern District of North Carolina.

6.     DRB Group has satisfied all conditions precedent to bringing this action, and this action is timely under the applicable statutes of limitation and repose.

## **BACKGROUND**

7.     DRB Group entered several contracts with CMB in conjunction with DRB Group's construction projects in the State of North Carolina.

8.     Pursuant to these contracts, DRB Group and CMB agreed to a pre-determined sum of payment that CMB would be paid in exchange for its work under the contracts.

9.     Over the course of DRB Group's business relationship with CMB, DRB Group paid each of the invoices CMB submitted in full.

10.     In fact, a full accounting of the invoices CMB provided, when compared to the checks DRB Group wrote to CMB, reveals that DRB Group *over*paid CMB for its work.

11.     Under the parties' agreements, DRB Group is only responsible for the agreed amounts of payment.

12.     No further compensable work was performed that would justify CMB's retention of the overage paid by DRB Group.

13.     Under the parties' agreements, CMB is responsible for returning the overage paid by DRB Group or crediting the overage against future invoices.

14.     CMB has failed to refund the monies owed or credit DRB Group for the overpayment.

17

15.     DRB Group is owed the repayment of its overpayment to CMB, plus interest, costs, and fees as allowed by contract or law.

### FIRST CLAIM FOR RELIEF
**Breach of Contract**

16.     All preceding paragraphs not inconsistent with this claim are incorporated by reference into this claim for relief as if fully set forth herein.

17.     DRB Group entered into multiple binding contract(s) with CMB, under which DRB Group was to pay sum(s) pre-determined at the time of contracting.

18.     DRB Group fully performed its obligations under these contracts by fully paying the amount(s) owed.

19.     In fact, DRB Group *over*paid on these contracts.

20.     Pursuant to these contract(s), CMB had a duty to return the surplusage to DRB Group and/or discount the overpayment from future work.

21.     Alternatively and/or additionally, CMB had a duty to return the surplusage to DRB Group and/or discount the overpayment from future work pursuant to the implied covenant of good faith and fair dealing inherent in all contracts.

22.     CMB neither returned the monies nor credited DRB on later invoices.

23.     CMB's material breach has actually and proximately damaged DRB Group by withholding these overpaid monies.

18

## SECOND CLAIM FOR RELIEF
### Unjust Enrichment; Recovery in *Quantum Meruit*
### (In the Alternative)

24.     All preceding allegations not inconsistent with this claim are incorporated by reference into this claim for relief as if fully set forth herein.

25.     In the alternative to the first claim for relief, DRB Group asserts this claim for unjust enrichment seeking recovery in *quantum meruit*, if this Court determines that no valid contract governs DRB Group's Counterclaim.

26.     DRB Group overpaid CMB to supply labor and materials as a subcontractor on one or more of DRB Group's projects, above the amount(s) previously agreed between DRB Group and CMB.

27.     DRB Group reasonably expected to be refunded this overage by CMB, who voluntarily and knowingly accepted the benefits of the overpayment with knowledge or reason to know that it had not performed additional compensable work meriting overpayment and that DRB Group expected a refund for that overpayment.

28.     CMB has failed to pay DRB Group these monies owed.

29.     No legitimate objection or basis for the non-payment of the amount due to DRB Group exists.

30.     As a result of the failure to pay DRB Group all monies owed, CMB has been unjustly enriched by the overpayment by DRB Group.

31.     As a result of the foregoing—and in the alternative to the first claim for relief—even if no contract governs this matter, CMB is liable in equity for *quantum*

19

*meruit* to DRB Group and has been unjustly enriched by the reasonable value of the benefit conferred by DRB Group.

**PRAYER FOR RELIEF:**

**WHEREFORE, DRB respectfully prays the Court for the following relief:**

(a)    That CMB have and recover nothing from DRB;

(b)    That CMB's request to certify this action as a class action be denied;

(c)    That, in the event a class action is certified, the putative class members on whose behalf CMB purports to bring this action have and recover nothing from DRB;

(d)    That judgment be entered in favor of DRB on CMB's claims, dismissing those claims with prejudice;

(e)    That, in the event a class action is certified, judgment be entered in favor of DRB on the claims of the putative class members on whose behalf CMB purports to bring this action, dismissing those claims with prejudice;

(f)    That the Court enter judgment against CMB on DRB Group's Counterclaims in an amount to be determined at trial;

(g)    For a trial by jury on all issues so triable—excepting only any arbitrable matters as set forth in the First Defense above;

(h)     That the Court award DRB its reasonable attorneys' fees and costs

incurred in connection with this matter to be paid by CMB to the extent

that such fees and/or costs are recoverable under law or by contract; and

(i)     For such other relief as the Court deems just and proper.


Respectfully submitted, this 4th day of January, 2024.

**ELLIS & WINTERS LLP**

/s/ Thomas H. Segars
Thomas H. Segars, N.C. State Bar No. 29433
Email: tom.segars@elliswinters.com
Luke J. Farley, N.C. State Bar No. 41229
Email: luke.farley@elliswinters.com
Michelle A. Liguori, N.C. State Bar No. 52505
Email: michelle.liguori@elliswinters.com
Kyle A. Medin, N.C. State Bar No. 54920
Email: kyle.medin@elliswinters.com
P. O. Box 33550
Raleigh, North Carolina 27636
Telephone: (919) 865-7000
Facsimile: (919) 865-7010

**Counsel for Defendant Group North Carolina, LLC f/k/a Dan Ryan Builders North Carolina, LLC**

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 4, 2024, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, and served by having an employee of Ellis & Winters acting at the undersigned's direction send the same by electronic mail:

    Ryan D. Oxendine
    James A. Barnes IV
    OXENDINE BARNES & ASSOCIATES PLLC
    ryan@oxendinebarnes.com
    jim@oxendinebarnes.com

    Catherine E. Edwards
    EDWARDS BEIGHTOL, LLC
    cee@eblaw.com

    Attorneys for Plaintiff and the Proposed Class

                     /s/ Thomas H. Segars
                     Thomas H. Segars, N.C. State Bar No. 29433

22