IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| CMB CONSTRUCTION COMPANY, LLC, *on behalf of itself and others similarly situated*,<br><br>    Plaintiff,<br><br>v.<br><br>DRB GROUP NORTH CAROLINA, LLC, DRB ENTERPRISES, LLC d/b/a/ DAN RYAN BUILDERS,<br><br>    Defendants. | **Case No. 5:23-cv-242-FL-RN** |

## JOINT MOTION TO APPROVE SETTLEMENT

NOW COME Plaintiff CMB Construction Company and Defendants DRB Group North Carolina, LLC and DRB Enterprises, LLC d/b/a Dan Ryan Builders (jointly, the "Parties"), and move that the Court enter an Order Approving Settlement on the instant action. In support of this Motion, the Parties show the Court the following:

1. The original complaint was filed by Plaintiff on April 9, 2023, and was removed to this Court by Defendants on May 3, 2023.

2. The complaint purports to bring claims on behalf of the named Plaintiff, as well as a putative class of certain subcontractors of the Defendants. (Dkt. No. 1-5 at ¶¶ 40-58.)

3. The Parties have reached a compromise settlement of this matter. Information related to this compromise settlement is provided in **Exhibit A** hereto, the

Declaration of Catharine E. Edwards and its **Exhibit 1**, the confidential Settlement Agreement and Release.[1]

4. In consideration of a complete general release of all claims by the Parties related to Plaintiff's Complaint and Defendants' Counterclaim, Defendants agree to a confidential settlement payment as set forth in Exhibit 1 (the confidential Settlement Agreement and Release) to Exhibit A (the Declaration of Catharine E. Edwards (Dkt. No. 50-1)).[2]

5. Subject to the approval of the Court, the proceeds are to be distributed per the terms of the Settlement Agreement.

6. Fed. R. Civ. P. 23(e) provides that the "claims, issues, or defenses of a certified class—or a class proposed to be certified for purposes of settlement—may be settled, voluntarily dismissed, or compromised only with the court's approval." No class has been certified in this Action, nor has any class been proposed to be certified for purposes of this settlement. Therefore, the full procedure set forth in Rule 23(e) for approval of class settlements does not apply here. *Shelton v. Pargo, Inc.*, 582 F.2d 1298, 1315 (4th Cir. 1978).

7. However, the Fourth Circuit has stated that even in this pre-certification posture, the district court properly reviews proposed settlements to ensure that they are not

---

[1] A redacted version of Exhibit A, the Declaration of Catharine E. Edwards, and its Exhibit 1, the Settlement Agreement and Release, is filed herewith at Dkt. No. 50-1. The unredacted version is provided to the Court under seal at Dkt. No. 51-1, with an appropriate motion relating thereto, as they both contain confidential and sensitive information.
[2] The unredacted version of this document is filed under seal at Dkt. No. 51-1.

improper and that they will not prejudice absent putative class members. *See id.*; *see also In re Stucco Litig.*, No. 5:00-CV-540BR2, 2001 WL 35955835, at *1 (E.D.N.C. Jan. 16, 2001).

8. Accordingly, the Parties jointly move for such a determination.

9. The settlement here is the product of an arms-length mediated settlement process, and it represents a mutually acceptable resolution of disputed claims. There is no basis for finding that the settlement is improper for any reason, including those discussed in *Shelton*. *See Shelton*, 582 F.2d at 1306. Here, Plaintiff has agreed to compromise its individual claim and to withdraw its role as a class representative for proper reasons. *See* Ex. A ¶ 6.

10. Moreover, in this case there is "no basis for a finding of prejudice to the detriment of unnamed, putative class members" because the "class allegations do not bind an uncertified class in any respect" and because it is unlikely that any putative class member elected not to bring its own individual claim(s) in reliance upon this action. *See McCoy v. Erie Ins. Co.*, 204 F.R.D. 80, 84 (S.D.W. Va. 2001); *see also* Ex. A ¶ 6.

11. For the foregoing reasons, no notice to the putative class members of the dismissal or settlement of this action is required, by Rule 23(e) or otherwise. *Shelton*, 582 F.2d at 1314.

WHEREFORE, the Parties respectfully move the Court to (i) enter an order approving the settlement in this action, (ii) declare that no notice to putative class members is required, (iii) direct the Parties to follow the settlement procedures set forth within the

Settlement Agreement (Ex. 1 to Ex. A) to effect the resolution of this action, and (iv) provide such other and further relief as the Court deems just and proper.

This the 3rd day of February, 2025.	Respectfully submitted,

/s/ Catharine E. Edwards
Catharine E. Edwards
N.C. State Bar No. 52705
cee@eblaw.com
**EDWARDS BEIGHTOL, LLC**
P.O. Box 6759
Raleigh, NC 27628
Telephone: (919) 636-5100

Ryan D. Oxendine
N.C. State Bar No. 27595
ryan@oxendinebarnes.com
**OXENDINE BARNES & ASSOCIATES PLLC**
6500 Creedmoor Rd., Ste. 100
Raleigh, NC 27613
Telephone: (919) 848-4333
Facsimile: (919) 848-4707

**Counsel for Plaintiff**

**ELLIS & WINTERS LLP**

/s/ Thomas H. Segars
Thomas H. Segars
N.C. State Bar No. 29433
tom.segars@elliswinters.com
Michelle A. Liguori
N.C. State Bar No. 52505
michelle.liguori@elliswinters.com
Kyle A. Medin
N.C. State Bar No. 54920
kyle.medin@elliswinters.com
P. O. Box 33550
Raleigh, North Carolina 27636
Telephone: (919) 865-7000
Facsimile: (919) 865-7010

**Counsel for Defendants**

**CERTIFICATE OF SERVICE**

     I do hereby certify that, pursuant to Fed. R. Civ. P. 5(b)(2)(E) and prior written agreement of counsel, on February 3, 2025, I served a copy of the foregoing **JOINT MOTION TO APPROVE SETTLEMENT** on counsel for all parties in this case by filing it with the Court's ECF system.

This the 3rd day of February, 2025.

/s/ Catharine E. Edwards
Catharine E. Edwards
North Carolina State Bar No. 52705
P.O. Box 6759
Raleigh, NC 27628
Telephone: 919.636.5100
Facsimile: 919.495.6868
cee@eblaw.com